U.S. DISTRICT
Southern D[istrict of Georgia]
Filed in [Office]
10:00 A.
Nov 20    09
J Taylor
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL PERRY,

   Petitioner,

vs.          CIVIL ACTION NO. CV209-055

DEBORAH HICKEY, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Perry ("Perry"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Perry filed a Traverse. For the following reasons, Perry's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Perry was convicted, after a jury verdict, in the Middle District of Florida of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and two (2) counts of distribution of narcotics, in violation of 21 U.S.C. § 841(a). Perry was sentenced to 262 months' imprisonment, to run concurrently, and 72 months' supervised release, to run concurrently. (Doc. No. 9-3, p. 3). The Eleventh Circuit Court of Appeals affirmed Perry's convictions and sentences. United States v. Perry, 212 F.3d 600 (11th Cir. 2000) (Table). Perry filed a motion to vacate, correct, or set aside his convictions,

pursuant to 28 U.S.C. § 2255, which the trial court denied. Perry filed several other motions seeking post-conviction relief, which the Middle District of Florida denied.

In the instant petition, Perry contends that he is "actually innocent" of being a career criminal in light of Begay v. United States, ___ U.S. ___, 128 S. Ct. 1581 (2008), and United States v. Chambers, ___ U.S. ___, 129 S. Ct. 687 (2009). Perry asserts that the decision in Begay "changed the law as to what constitutes a 'crime of violence'" and that he was convicted under a provision that does not apply to him. (Doc. No. 1, p. 8).

Respondent asserts that Perry does not meet the requirements of section 2255's savings clause, as the Eleventh Circuit has not declared Begay or Chambers to be retroactively applicable.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,

> *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Perry has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Perry asserts that the remedy afforded by section 2255 is inadequate or ineffective because sentencing claims are not cognizable in a second or successive § 2255 motions. Perry also asserts that the United States Supreme Court announced decisions after he filed his previous section 2255 motion which changed the law of this Circuit.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).

AO 72A
(Rev. 8/82)

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

In support of his contentions that he is entitled to relief pursuant to § 2241, Perry cites Begay and Chambers. In Begay, the Supreme Court analyzed whether a conviction in New Mexico for driving under the influence is a violent felony within the meaning of clause (ii) of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).[1] The Court held that "New Mexico's crime of 'driving under the influence' falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." Begay, ___ U.S. at ___, 128 S. Ct. at 1588. In determining whether a crime is a violent felony for purposes of the Armed Career Criminal Act, the Supreme Court "consider[ed] the offense generically, . . . [to] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at ___, 128 S. Ct. at 1584. The Supreme Court likewise found in Chambers that, under Illinois law, the crime of failure to report does not satisfy the

---

[1] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

Armed Career Criminal Act's definition of "violent felony". Chambers, ___ U.S. at ___, 129 S. Ct. at 691.[2]

The Eleventh Circuit has had the occasion to determine whether Begay and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008),[3] are retroactively applicable to cases on collateral review, i.e., not on direct appeal. In United States v. Coley, 2009 WL 2019859 (11th Cir. July 14, 2009), the petitioner challenged his 2003 career-offender status under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. The Eleventh Circuit approved of the trial court's characterization of the petitioner's *pro se* "Motion Pursuant to the Law of the Case Doctrine" as a section 2255 motion to set aside the petitioner's sentence. 2009 WL 2019859, at *1. The district court granted the petitioner's certificate of appealability, which presented "the legal question" of "whether the Supreme Court's decision in Begay and our circuit's application of Begay in Archer, can apply retroactively during § 2255 proceedings." Id. at *2. The Eleventh Circuit determined that the petitioner's "status as a career offender is a non-constitutional issue that [he] could have raised on direct appeal" and that his claim "is not cognizable on collateral review under § 2255." Id. at *3. The Eleventh Circuit, in making this determination, noted that section 2255 cannot "do service for an appeal" because "'a non-constitutional error that may justify reversal on direct appeal does not generally

---

[2] The Eleventh Circuit recently announced that a prior New Jersey conviction for a "walkaway" escape is not a violent felony within the meaning of clause (ii), United States v. Lee, ___ F.3d ___, 2009 WL 3415706 (11th Cir. Oct. 26, 2009), whereas a prior Florida conviction for willfully fleeing or eluding police at a high speed is. United States v. Harris, ___ F.3d ___, 2009 WL 3595130 (11th Cir. Nov. 3, 2009). However, neither of these cases lends support to Perry's position, as the decisions were rendered on direct appeal.

[3] In Archer, the Eleventh Circuit concluded that the crime of carrying a concealed weapon under Florida law could no longer be considered a crime of violence under the United States Sentencing Guidelines, which tracks the language of "violent felony" found in clause (ii) of the Armed Career Criminal Act, in light of the Begay decision. Archer, 531 F.3d at 1352.

support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal *and* (2) would, if condoned, result in a complete miscarriage of justice.'" Id. at *2 (quoting Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (emphasis in original).

Perry fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision[4], that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, as Perry admits, he has "raised his claim at every step of the way, at trial, on appeal and in his first § 2255." (Doc. No. 1, p. 4).[5] Simply because the Middle District of Florida and the Eleventh Circuit denied or dismissed Perry's claims does not mean that section 2255's remedy is inadequate or ineffective. Perry has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).[6]

---

[4] Perry's reliance on George v. United States, 2009 WL 1370858 (M.D. Fla. May 14, 2009), and United States v. Radabaugh, 2009 WL 565065 (N.D. Okla. Mar. 5, 2009), is misplaced, as these decisions are no more than of persuasive value. The undersigned was unable to find any decision by the Eleventh Circuit or Southern District of Georgia which has held that Begay and its progeny are retroactively applicable to cases on collateral review, nor should this Court be inclined to do so based on Perry's petition.

[5] Perry filed a "Motion Pursuant to Rule 60(b)(6)" in the Middle District of Florida on September 18, 2009, in which he makes the same contentions as he does in this case. (Case Number 3:98-cr-00023-HES-HTS, Doc. No. 207). In that motion, Perry asserts that, on direct appeal, he alleged that the district court improperly applied the career offender provision of U.S.S.G. § 4B1.1 (id. at p. 2), and that it "is evident that [he] has maintained that he was innocent of being a 'career offender' over the past ten (10) years." (Id. at p. 4). The Government has 60 days from October 16, 2009, to file a response to Perry's Rule 60(b)(6) motion. (Doc. No. 210).

Perry cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Perry is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Perry's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[6] The undersigned makes no comment about the merits of Perry's claims or whether Perry's claims would be procedurally barred under section 2255, as it appears that his claims would be more appropriately addressed in the Middle District of Florida. The undersigned does draw Perry's attention to Hunter v. United States, 559 F.3d 1188, 1190 (11th Cir. 2009), in which the Eleventh Circuit stated that, "[a]lthough Begay provides good reason to conclude that [petitioner] was erroneously sentenced as an armed career criminal, a sentencing error alone does not amount to 'a substantial showing of the denial of a constitutional right.'" (quoting 28 U.S.C. § 2253(c)(2)); see also, United States v. Coley, 20089 WL 2019872 (11th Cir. July 14, 2009) (noting that the assertion that a petitioner is no longer a career offender after Begay and Archer is not cognizable in a 18 U.S.C. § 3582 motion for a reduced sentence because § 4B1.1 of the U.S.S.G. had not been amended at the time the petitioner was sentenced). Perry's assertions are no more than an attack on his status as a career criminal under U.S.S.G. § 4B1.1(a), and Perry arguably qualified as a career criminal at the time he was sentenced, even excluding from that classification his prior convictions for escape and aiding in an escape. Perry has quite an extensive criminal history. (Pre-Sentence Investigation Report, ¶¶ 21-43).