# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MICHAEL PERRY,                    :       CIVIL ACTION

    Petitioner,               :

v.                                :

DEBORAH A. HICKEY, Warden,        :

    Respondent.               :       NO. CV209-55

## ORDER

On November 20, 2009, Magistrate Judge James E. Graham entered a report and recommendation suggesting dismissal of Petitioner's case. After an independent review of Perry's objection to the Magistrate Judge's findings, the Court concurs with the Magistrate Judge's suggested disposition of the case and will **DISMISS** the petition.

On February 11, 1999, Perry was convicted of making or selling drugs and conspiracy to distribute the same. The United States District Court for the Middle District of Florida imposed a term of imprisonment of 262 months. Perry, an inmate at the Federal Correctional Institute in Jesup, Georgia, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Perry urges that he was improperly sentenced as a career offender under the United States Sentencing Guidelines, based on his prior convictions for escape, and aiding in an escape. Perry asserts that he is "actually innocent" of the sentence he labors under, in light of two recently decided U.S. Supreme Court decisions, *Begay v. United States*, 128 S. Ct. 1581 (2008)(New Mexico conviction for driving under the influence is not a violent felony for purposes of the Armed Career Criminal Act), and *United States v. Chambers*, 129 S. Ct. 687 (2009)(Illinois conviction for escape, better described as failure to report, is not a violent felony).

As the Magistrate Judge explained, prisoners seeking relief under § 2241 must satisfy the savings clause of 28 U.S.C. § 2255, that is, demonstrate that § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. 2255(e); *see Ramiro v. Vasquez*, 210 Fed. App'x 901, 904 (11th Cir. 2006).

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have

> been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

The Court concludes that Perry is not entitled to relief under *Wofford* because he failed to show that any Supreme Court decision has established that he was convicted of a nonexistent offense. The petitioner bears the burden of proving that predicate -- he has to show that the crime he was convicted of is not properly characterized as a violent felony.

That is usually a generic or categorical question, answered by looking at the class of conduct prohibited by the statute, not the facts underlying the offense. *Begay v. United States*, 128 S. Ct. 1581, 1584 (2008). However, that is not always the case. *E.g., United States v. Beckles*, 565 F.3d 832, 842-43 (11th Cir. 2009)(where matters are ambiguous, the Court may consider the facts underlying the conviction). Indeed, *Chambers* itself "rejects the notion that all escapes are created equal." *United States v. Lee*, 586 F.3d 859, 869 (11th Cir. 2009)(quoting *United States v. Harrison*, 558 F.3d 1280, 1294 (11th Cir. 2009)); *id.* at 870-72 (cataloging the distinctions between walkaway escapes and

escaping from secure custody); *Chambers v. United States*, 129 S. Ct. 697, 690-93 (2009).

Perry's claim fails to meet the second part of the *Wofford* test. Petitioner fails to point to the relevant state escape statute, or the underlying facts at issue, and the Court is unable to engage in any meaningful analysis that would permit a conclusion that Perry was convicted of a "nonexistent offense." This fact is sufficient to distinguish the case from the one cited by Petitioner, *George v. United States*. There, the court was able to undertake a meaningful review of the applicable law and facts. *See George*, 8:09-cv-167-T-26TGW, 2009 WL 1370858, *3 (M.D. Fla. May 14, 2009). In contrast, Perry has not shown that he is entitled to relief.

Moreover, "a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . , unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (2004)(citing *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976)). Perry has failed to show that he was deprived of

any constitutional right. Instead, his argument is only that he was improperly sentenced under the Sentencing Guidelines after *Begay* and *Chambers* were decided. Thus, Perry's sentence may not be collaterally attacked. *Hunter v. United States*, 559 F.3d 1188, 1189-91 (11th Cir. 2009).

Perry's objection is **OVERRULED**. Dkt. No. 13. The Clerk shall enter judgment accordingly.

**SO ORDERED,** this __2nd__ day of March, 2010.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA