FILED
U.S. DISTRICT COURT
[illegible]
2011 JUL 18 AM 8:48
CLERK R [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL PERRY,

   Petitioner,

vs.            CIVIL ACTION NO. CV209-055

DEBORAH HICKEY, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Perry ("Perry"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. The undersigned entered a Report recommending that Perry's petition be dismissed, and the Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. Perry filed a Motion for Reconsideration. Judge Wood granted Perry's Motion, and Respondent filed responsive pleadings. Respondent filed a Motion to Stay Proceedings, in light of the pendency of the Eleventh Circuit Court of Appeals' *en banc* decision in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011). The Motion was granted. The Eleventh Circuit issued its decision in Gilbert, and the undersigned lifted the stay and directed Respondent to file any desired pleadings in light of the Gilbert decision. After review, Perry's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Perry was convicted, after a jury trial, in the Middle District of Florida of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and two (2) counts of distribution of narcotics, in violation of 21 U.S.C. § 841(a). Perry was sentenced to 262 months' imprisonment. (Doc. No. 9-3, p. 3). The Eleventh Circuit Court of Appeals affirmed Perry's convictions and sentences. United States v. Perry, 212 F.3d 600 (11th Cir. 2000) (Table). Perry filed a motion to vacate, correct, or set aside his convictions, pursuant to 28 U.S.C. § 2255, which the trial court denied. Perry filed several other motions seeking post-conviction relief, which the trial court denied.

Perry asserts that he does not qualify as a career criminal, as the convictions underlying that characterization do not qualify as violent felonies. Thus, Perry alleges, he was improperly sentenced as a career offender. In support of his position, Perry relies on the panel decision in Gilbert v. United States, 610 F.3d 716 (11th Cir. 2010).

Respondent contends that Perry cannot use the savings clause to bring his claims pursuant to a § 2241 petition.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Perry has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his petition, Perry asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because sentencing claims are not cognizable in second or successive § 2255 motions.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964)

AO 72A
(Rev. 8/82)

(holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Perry relies on the panel decision in Gilbert, 609 F.3d 1159 (11th Cir. 2010). However, the Eleventh Circuit vacated its panel decision and issued in its place Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*). In the *en banc* Gilbert decision, the Eleventh Circuit determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[1] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320 (Emphasis supplied). "[F]or claims of sentence error, at

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Perry was convicted of violating 21 U.S.C. § 841(a)(1), and the statutory sentence he faced for his conviction was at least ten (10) years, but no more than life, under 21 U.S.C. § 841(b)(1)(A), or at least five (5) years but no more than 40 years, under 841(b)(1)(B). The sentence imposed on Perry (262 months' imprisonment) does not exceed this statutory maximum. Thus, Gilbert does not provide Perry with his requested relief.

Even if Perry's claims are based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Perry made the same argument in his previously-filed section 2255 and section 3582 motions as he does in this petition. Simply because the trial court denied Perry's claims does not mean that section 2255's remedy is inadequate or ineffective. Perry has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Perry has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to

AO 72A
(Rev. 8/82)

argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Perry cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Perry is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Perry's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE